Good morning and may it please the court my name is Rory Bellantoni, I represent the plaintiff appellant in this matter brought under the Individuals with Disabilities Education Act. The main contention that plaintiff has on this appeal is the denial of the relief requested for the 2021-22 school year because the parent failed to submit a 10-day notice is not proper. The violation the parents committed was a procedural violation. This single procedural violation resulted in a complete denial of relief for the 2021-22 school year. When in principle it's not impossible that a violation of a procedural requirement could result in a denial of relief but your argument is that the way the law works here is the district is supposed to engage in a balancing of the equities and it didn't do that right? Yes, it's part of the argument the other is that the courts seem to evaluate procedural violations when they're committed by the parent differently from when they're committed by the district. Right, that's part of the balancing of the equities. Correct. I'd like to be more particular about it. So the district court says the argument that the denial by the school district was egregious is not part of the balancing of the equities because that's part one as to whether there was a denial. That does not seem right because the first step is whether there was a denial not the character of the denial. So if they are doing it egregiously or in bad way or negligently that would be part of the equities right? Correct. Right and so then also when we're talking about the equities you're right the district court focuses on the litigation conduct of the parent but the school district didn't even show up right at the litigation. Again correct they showed up for the pre-hearing conference did not show up for the hearing and so even if the parent did something in the course of litigation that might be improper that should be balanced against the way the opposing party conducted itself during the litigation right? Yes but I'd like to add that this is another error of the district court committee. The behavior during the litigation is not the standard. It's whether the parent obstructed the creation of the IEP. The parent's behavior is typically evaluated during the IEP process. Isn't the what happens during the litigation is can be considered it's not improper to consider that those factors as well. Well it can be considered if the parent doesn't submit the right evidence credibility but not to prong three. The equitable factors so for instance if there's a finding that the DOE denied the parent a fape and the private school is appropriate and we get to prong three and we learn that the denial of fate was because the parents didn't produce their child for evaluations. The parents didn't show up at the IEP meeting. So you're pointing out that the main point of prong three is about whether the parents manipulated the process in order to get a reimbursement and you know whereas if they had been more cooperative maybe the school district would be in a position to provide the services in a public school. Correct and that's the main point but you know we do talk in terms of the general balancing of the equities so it's not obvious that you wouldn't take into account litigation conduct. Correct but here it's a little different right because the district court is saying you know and the and the hearing officers are saying that the reason why there isn't evidence of the notice you provide us the school is because you didn't really submit it during the process so it's not exactly litigation conduct it's also connected to the findings about what the parent did before. Yes yes your honor and I again was going to point out that I mean as we said you know if you if you consider the litigation conduct of the parent it makes sense that you should also consider litigation conduct of the school district. Absolutely and the egregiousness is when you weigh the denial of fate for every school day in 2021, 21, 22 and 23, 24 against the parents singular mistake in not supplying a 10-day notice which by the way there was evidence it was submitted but it was submitted four days before the school year right and actually right and so the district court says even if I took account of that evidence I would still reach the same conclusion because it was not 10 days it was six days or four business days right. Correct but again I'd like and I guess your position is also that that would be that's not really a balancing of the equities because you at least need to consider the context so right so in a case in which there's been ongoing communication with the school district it can't be dispositive that there isn't a written notice 10 days right correct and the school district is behaving in a certain way like let's say it's clear they're never going to provide the services I know that's not this case but they're like ridiculing the student like they're hostile whatever like it's obvious right you wouldn't blame the parent for just taking the kid out of the school immediately right so you would have to understand the context in which the notice wasn't given yeah yes and besides the context the purpose the purpose is to give the school district an opportunity an ability or an opportunity to cure whatever wrong the parents are complaining of in in mg versus district of columbia 246 f sub third one then district court judge katonji brown jackson said attending notice is late for it to result in in a denial or reduction of reimbursement the deal we should at least show it was harmed by the the denial of notice if not harm at least if we had gotten the notice we would have done something differently if you recall this child moves from stepping stone a private placement to another private place right an approved private placement to the to the non-approved library and but the point is that the school district might not have done something right because they might have the first private placement might be more affordable or it might be you know there might be some reason why the school district preferred that one so they might still want an opportunity cure correct but there are but the the districts on notice that the parent disagreed with the iep for the 21 22 school year because the the student was enrolled in a question so is the about this case is because the school district defaulted we don't have you know a full administrative record where we have all the communications back and forth right so if the school district had actually showed up at the hearing and we got those communications would it show sort of ongoing communication between the parents in the school where the school was on notice apart from that your honor the doe was aware the student bless you the student was in stepping stone so the parent had an issue with with whatever the iep was developed the students in a private school moving from one private school to another private school didn't deprive the district of an opportunity to cure the original iep that that was challenged council sorry let me just make this narrow point so the the student is moving from an approved private placement to a unilateral private placement so there might be a reason why the school district wants an opportunity to cure there may be judge but again i i submit that would be the district's burden to show up and argue here the the ihl basically either took judicial notice or or or extracted that information from the parent but the doe didn't show up and say hey they didn't give us the 10-day notice they're supposed to under the idea so so we have an opportunity to cure the we would have cured by by not showing up they i would submit they waive or forfeit just to put it in the context of the doctrine you're saying they didn't address the equities they just sort of said you didn't do a procedural thing they didn't explain why that caused harm to them or another party and that's what the balancing of the equities requires correct if it's a procedural violation just like the courts have said procedural violations may raise to a substantive denial of faith under the idea they don't know it you have to look at what the violation is counsel counsel yes i have a couple of questions for you um first um the issue of the school board forfeiting not showing up for the hearing to say hey this original private placement we have is sufficient or adequate satisfies the requirements under idea and is appropriate i get that that forfeits their right to challenge uh payment of the program the parents are advocating as i understood it what's at issue here is for the remainder of the school year where the parent removed the child without the proper 10-day notice that is the part of the hearing that your client lost correct your client was successful on obtaining the i-brain school program for the the successive or future academic years is that correct we're dealing only with the remainder of the academic year correct correct it was it was the remainder of 20 21 22 school year the parent enrolled or signed a contract on february 4th of 2022 put the student in the private school february 8th and didn't bring until the next the beginning of the following academic year we we agree on that i believe the dpc was filed in october of 2023 okay now do you have any supreme court or second circuit cases or any uh well circuit within our jurisdiction that have found that a district court aired when it denied or the denial of reimbursement based on a parent's failure to provide that 10-day notice i'm sorry can you can you say that again do you have any cases where a parent who has failed to provide notice and a district court uh denied the reimbursement based on a parent's failure to provide notice as was the case here where the district court was reversed off the top of my head your honor i i i don't know i don't know i can't think of any specific well presumably if you did you would have cited it right because that that would have been something you would want us to know i would have hoped so yes okay well i would have thought that argument would be it's not that it's uh impermissible to deny reimbursement based on the failure to provide notice it's just that that determination has to be part of a balance of the equities so certainly there is a lot of case law where at prong three we look at the conduct of the school district and balance it against the parents failure to provide notice and other things the parents did correct there just is no case in which we say you can ignore the conduct of the school district at prom three and just look at whether the parent provided notice right correct you are and although the i even here it might actually have been legitimate if the district court had said all right i'm going to take into account the purported egregiousness of the school district's conduct i'm going to take into account the school district's litigation conduct and i still think the failure to provide notice outweighs those things but what and so it can still reach the same result but what the school district can't do is say i'm going to ignore the conduct of the school district and only look at the conduct of the parent right that's your position correct especially after ferrara error is not necessarily relying on the failure to provide notice it's the failure to balance the equities yes based on the fate to provide notice that is the wrong the parent committed and balanced against the denial of fate for three years again well not the mere denial of faith because that is prompt one but the the egregiousness of it or the character of it that those kinds of things that's not part of prompt one that's part of prompt three that's the equities i i that i understand your honor but in balancing the equities they have to be so it's true we have the carter burlington framework that gives us these three factors but there also is the statute that says based on the failure to provide notice the reimbursement can be denied or reduced is that a separate authorization or is that part of the burlington carter framework i i don't know part of burlington carter because it's it's laid out in the statute and i don't i don't i don't know if it says denied i'd have to check i believe the languages may be reduced of course it can be reduced to zero maybe denied or reduced or what even if it were that it could be reduced to zero but i think it does say denied or reduced but that authorization is that a separate thing from the carlin carter burlington framework or that just means that that is a factor that a district court can consider at prompt three i i would submit it's a factor that can be considered if you're talking about here particularly the the the late or or absence of the notice is is set forth in the idea and then we've never had a case where where a court could where we said it's okay for a district court to say i've gone through the three prongs of carter burlington they all favor reimbursement uh even the equities do but then separately you know i'm going to apply the statute and deny reimbursement because of the notice provision i've never seen it's always considered at prong three as a as part of the equities correct i haven't seen it separate it seems to me just an enumerated uh consideration when you're looking at the equity since it speaks directly to reimbursement and reimbursement is part of prong three not one or two then that we do have some cases that say that the parents failures provide any kind of notice you know not simply the 10-day written notice but just like where the unilateral placement comes as a surprise to the school district that might be dispositive at prom three and here it's a little hard to understand whether this would have come as a surprise to the school district because we don't have a full administrative record because of the default what is it possible for would it was it possible for the district court to look at the record and say there's no evidence that you would that the school district was on notice that there was any dissatisfaction with the placement and so there really was never any kind of notice at all in including the written notice is it is it possible i i mean i didn't understand a question i apologize like uh given the state of the record yes would the district court have aired if it had said it's not just that you didn't provide the 10-day written notice there just wasn't any notice at all to the school district and that is something that we said you know often is dispositive i i don't know and there are there are other cases but i don't know if if the other cases are done looking solely at not providing a 10-day notice i i there are cases i've had where like this one i'm agreeing with you i i think that there are the cases are not really about the specific written notice but if there's no notice at all that might be dispositive could that possibly describe this case it it it could your honor but when we're talking about notice again now we get into whether there was no written notice served 10 days before versus constructive notice because the child's already in a private school because the mother wasn't satisfied with the but would the school district have known that dissatisfaction with the approved private placement i'm i'm sorry your honor is there anything in the record to indicate that the school district would have been aware apart from the question of written notice with the parents dissatisfaction of the approved private placement i don't i i i can't point to anything specifically as i stand here but i um i'm not sure your honor okay well we'll hear from you again on rebuttal uh but let's turn to the appellee uh mr mechanic thank you may it please the court uh and good morning chase mechanic for the department of appellees um i'd like to start by addressing the question of the default on page 30 to 31 of the appendix there is a footnote to the iho's decision that addresses the default um so there's nothing in the record to suggest that doe um didn't believe it had a defense or was running away from the record what what happened according to the iho and i have no personal knowledge otherwise um is that doe appeared for the pre-hearing conference doe attorney appeared for the pre-hearing conference then the case was reassigned to another doe attorney um that doe attorney did not appear at the hearing and then doe thereafter applied to reopen the record so that it could submit its evidence and that application was denied by the uh and that might be an argument as to why the failure to appear was not in bad faith it was not bad litigation conduct or whatever yes but do you not but do you agree with the proposition that if at prong three where you're balancing the equities if the district court is going to fault the parent for her litigation conduct it needs to at least balance that against the school district litigation conduct it's a caveat and yes so so you don't have to decide whether we consider the the litigation conduct at which point it's already too late to to to deal with the with the with the with the complaints in the notice um if you do consider litigation conduct yes you have to work both ways yeah i agree and in this case the district court does seem pretty angry at the parent about uh not submitting the letter sooner and trying to do it later and whatever that is uh and that seems to inform the equities analysis and litigation conduct but does not take any account of the school district's litigation conduct what your honor i think you accounted for that just just a moment ago the doe's failure to appear there's nothing in the record to indicate that it was bad faith but the record does indicate that the plaintiff had no innocent explanation for not producing for example not producing the district court doesn't say that right the district court doesn't say um uh you know the school district you know even though you might think it was bad that it didn't show up it it turns i find that it's not in bad faith or whatever this report just says at prompt frame to look at what the parent did so it at at most that's not a basis for reversal that would be if you find that the district court misapplied the standard or you're saying that would be a harmless error because there really isn't litigation by the school district that might be balanced against the parents litigation it's it's it's harmless it's harmless error for that reason even if it's not harmless error um and even if we lose on every other argument the remedy in that in that respect would be to remand for the district court to apply what this court that's right yeah no i understand if the conclusion is that we think that the district court didn't properly do the balancing of the equities i don't know if we would do it for the first time on appeal we would just say you should do the balancing appropriately i i agree but then i'd like to just rewind i don't i actually agree with my opponent i don't think the cases talk about looking at the the litigation conduct as part of the equities in forest grove the supreme court said that uh the district court has to consider all relevant factors including the notice the parent provided and the opportunity of the school district to reevaluate the child and in this court's cases when you've talked about the the the equitable analysis cs is a good case on this you're focusing on whether the school district had an opportunity in in time for it to count it would be an error actually if at the prong free the district court is focusing on litigation conduct as opposed to you know the conduct leading up to the private placement well i think it was harmless error in this case but i i we it was an error we haven't taken a position on that in our briefing and we think the district court is relying on litigation conduct you think that would be an error we we haven't we haven't taken a position all i can say is that there's no case that they've cited or that we found that um that focuses on litigation conduct in that in that respect okay and what about what the district court says about egregiousness so uh so the parent says the district court look at prong three when you're balancing the equities you have to take into account our conduct balanced against the conduct of the school district and here the denial was not simply a denial it was an egregious denial and that uh and that needs to be taken into account and the district court says no that's part of prong one i'm not going to consider that a problem three well again i think that's correct and i think that that follows why is it correct i mean prong one is met when there is simply a denial right like the question is were denied a free appropriate public education yes and so whether you did so negligently or inadvertently or you did so egregiously and in bad faith that doesn't tell you the answer at prong one that is part of the equities isn't it uh well well it does partially tell you the answer in prong one because it's it's um it's it it it implicates questions of sound educational policy so the degree to which the iep may have been insufficient for the child's needs which i think is is a concept adjacent to what we're calling egregiousness that actually does inform the question of whether the child was denied a fate um so it's not it's not irrelevant to prong one but under prong i'm sorry so you're saying that prong one somehow accounts for the extent of the denial it might be that at prong one you're saying it was a big denial or a minor denial well prong one is whether the child received a fate right and and when is that a binary determination it's a procedural and a substantive determination that that's correct right but it's either there was a denial or there was not a denial but in order to make that call on that binary question you have to look at the extent to which the the iep fell short of appropriateness so i i i think it implicates what we're calling egregiousness or questions that implicate educational policy but just make it more concrete okay okay so like let's say there's a determination at problem one that there was a denial of fate and in fact the underlying facts show that we have you know documentation that the district court did not simply fail to abide by the sorry the school district did not simply fail to abide by the iep but actually their documents showing like we don't care about this whining disabled person like this is ridiculous like who cares about this like whatever it's like just kind of like really what we might call egregious conduct yeah is that not something you would take into account at problem three and the balancing of the equities well i think i think what you're describing sounds condemnable however the the entire analysis is about whether they're entitled to private school reimbursement it's not it's not a we're not dealing with a tort action we're dealing with whether they're entitled to private school reimbursement and so the reason the reason forest grove and courts have directed us to look at the equities the critical consideration let me make it a little more i i see what you're saying so let me make it sort of fit that point a little better so the documents don't just say we don't like disabled people they say i don't want to pay for that right like i don't want to have to pay for the private placement yes person is just whining they like want money like i don't want to pay for it and so let's like manipulate the process so that we could like find a cheap way that's going to satisfy it that's going to like be helped by a court but like not really give them what they're entitled so when you have stonewalling in other words when you have conduct by the district which is found to have resulted in the parent being being unable to provide the notice in the first place being unable to access their uh information about their child's ip when the when the district is frustrating the process there are cases that my friend has cited which which are not this case um where that would be an equitable consideration okay well what that shows is that at prom three you do consider the way in which the district the school district denied fate against the conduct of the parent what you consider is whether the denial of the fate resulted in the parent and school district subsequently being unable to collaborate in reviewing the ip so if there was a stonewall if there are cases my friend cited where uh it was found that the parent sent and sent a notice or or reached out to the i get what you're saying you're saying it should be more focused on the collaboration of whatever although that's not the way we've articulated we just sort of talk about the equities but maybe that's what we're we're talking about you know in order to that's here is it inaccurate that what the district court said is i'm not going to look at the way in which the school district denied fate that's part of prompt one and at prompt three i'm just focused on what the parent did well i i don't think there was anything to it insofar as the standard has been sort of clarified by this conversation i don't think there was anything for the district court to look at because the record does not show that the that the finding that fate was denied on default that that was related to the parent being unable to send that i don't know that for sure right because the district court does not say i pointed the school district's conduct and determined that whatever they did did not frustrate cooperation between the district and the parent but the school district did what sorry i keep saying they both have the word district so but what the school district what the district court said is anything about the purported egregiousness of the school district's conduct i'm going to put aside when i consider the equities i i i don't i don't read it i think that's i i i think that over i see my time is up if i could just finish i think uh i i think that reads too much into the district court's opinion and we've cited cases where the the notice was the sole equitable factor it says plaintiff argues that the equity is way in her favor because do we fail to provide a fave and the denial of a fake was so egregious that it justifies reimbursement that conflates the first and third problems of the test right yes and so it could be that they were acting egregiously in a way that just kind of shows animus or it could be that they're acting egregiously in a way that frustrates cooperation we don't really know the district court just says i'm going to put that aside at prompt three well if you don't know then that then there's a reason to remand well if you don't know i think it has to be laid at the feet of the party with the burden of proof as to the equities which under this court's decisions is is is the plaintiff um if there's nothing in the record that would have indicated that the district court should have considered this what what egregiousness leading to procedural frustration i don't think the district court was required to say i find nothing in the record to support it council of the cases you cited that you said failure to provide notice alone was sufficient to uphold the entire denial which case are you primarily relying on i would i think rafferty from the first circuit um i would uh burke would you like the pin sites or no no just give me the um the name in the circuit of the cases that you have rafferty from the first circuit miss m also from the first circuit two more burger from the sixth circuit and it's an unpublished case from the third circuit but it's very factually close wdv um walked them from the third circuit those cases and certainly the ones from our circuit they are about the failure to provide notice being dispositive when there was no notice at all in any form right um wd there there was notice that that um was not provided 10 days in advance most you're correct that most of the cases deal with no notice in any form i think that's this case too because the evidentiary record excludes the february letter um but even if you disagree wd does the court said even if the february letter yes so like let's assume the february letter is in the record a wd speaks to that situation and look there there's also a difference between one day and uh six days i mean four business days is less than a week the statute gives two weeks i think that we can't describe superfluous meaning to the language that congress enacted there's already a residual provision in the idea that says that reimbursement may be reduced or denied if the parent acts unreasonably um and and that's but congress also specified that there's a 10 day notice 10 business day notice requirement do you think that that's a separate thing so like do you think it would be okay for a district court to say i'm going through the three prongs of the carter burlington framework and i find there was a denial of faith the private placement is appropriate and the equities even favor reimbursement but even though all of that points toward reimbursement i'm going to treat the 10 day written notice requirement as dispositive it's it's part of the equities but i think it is it is i think it is the only way to ascribe non-superfluous meaning to that provision is to hold that it is at least presumptively permissible for a district court to reduce or deny reimbursement if the criteria specified in that i don't know i mean i'm not sure that that you need to say that for it to be known superfluous like courts a lot of times when we can't rely on this factor like this is an illegitimate thing to think about and like congress is just saying that can't be excluded from the equity well i don't think so nobody's saying it like even mr bell and tony is not saying it would be excluded from the equities he's just saying it has to be balanced against the rest of the equities i don't think that's what congress was doing because the case law even before the 1997 amendments are technically volentown was after the 1997 amendments but applied the pre-1997 regime case law from before the enactment of that provision already made clear that courts can consider the notice or lack thereof so i don't think that what congress was doing was trying to dispel a mistaken impression by courts that they couldn't consider notice i think what congress i think what congress was doing was because was specifying um the period of time that courts should consider significant and you know we can we can uh debate the verbiage significantly relevant since you said that it's still part of the equities yes um you don't think that congress was saying that the 10-day written notice is just automatically dispositive of the reimbursement question so we don't have we don't have a ton of guidance because as as as we point out yeah yeah um i think we can hypothesize some cases i haven't seen any in any of the circuits where it might where the other equities weigh so overwhelmingly in the plaintiff's favor rafferty provides a good illustration of this even though it ruled against the plaintiff right so like if we have a case where you know actually we have a full administrative record and yes the administrative record involves like daily correspondence between the parents of the school district saying like you're not meeting the ip requirements the whatever and they go on and on and on maybe they're have daily phone calls or whatever and then like they ultimately do unilateral like unilateral private placement but they didn't like send a physical letter 10 days in advance i think i'd say well given the full context like that's not going to tip the equities maybe i think another important consideration would be whether there's an innocent explanation for the failure to provide the notice so in rafferty for example the plaintiff had cancer and the plaintiff claimed that they weren't able to provide notice because of their personal affairs now ultimately the first circuit held that the district court in its discretion was not required to overlook the notice uh for that reason but that is the that is an example of a kind of case where potentially a district court could go the other way that is not this case there's an innocent explanation you know if you're saying that could be a reason like why can't futility also be a reason if like you've had ongoing correspondence with the school like you've been talking to them a lot you know what their position is it's obvious from the record that it wouldn't make a difference i i i i have no position on i don't think you need to decide that because the record doesn't show that the plaintiff carried their burden of of showing that it was futile you asked my my opponent what there is in the record that placed the district on notice of of the plaintiff's disapproval with the iep now we do have items in the record that say i think that the district court should have at least thought about that question and that it didn't you know maybe the district court should be required to at least consider whether that's a possible i don't think that i don't think you can and i'm really almost i don't think okay i have questions um i don't think you can conclude that the district court that the district court's failure to mention a factor that is clearly not apparent from the record was what was error there are all relevant factors to consider under forest grove they're potentially innumerable um and if they're and if there isn't a a a hint in the record um that they are even potentially relevant the district court says planet was aware that written notice was required but failed to give such notice in a timely way if at all planet undermined judicial efficiency by failing to present evidence that she allegedly possessed during the iho hearing and attempted to introduce the evidence before the sro after the record was fully developed plaintiff's actions when you actually enroll in jail at eyebrain and throughout the administrative and court proceedings have been unreasonable according to the equity's way against her i mean given the way the district court explained its own decision first of all it seems pretty obvious the district court is relying on uh litigation conduct which you said that's erroneous at most harmless error right that's already an error um and then it is just talking about the plaintiff's conduct and not taking account of the interaction between the plaintiff and the school district oh well the i mean the district court did take into account the interaction in terms of the the level of notice that was required um and i i think that that was sufficient under uh under the idea okay the court has no further questions thank you your honor and i apologize your honor but the statute does talk about reducing or denying the relief i said earlier i didn't think it mentioned denying can i just ask you something freedom uh on on the question of the reason for the failure to give is there evidence in the hearing as to what the reason was that the plaintiff offered there was not any and there was no reason i believe that was given during the hearing and i'm unaware of any any reason like the plaintiff had cancer in the other suit or there but no reason of any kind was given by the plaintiff was there that's my understanding i mean just to make it sharper let's say we agree that the district court did not balance the equities in the right way and you got a chance to explain why the equities favor you despite the less than 10 days written notice what evidence would you present to show that to show the show that the equities still favor you despite the shorter than 10 days notice it it goes back to your honor the nature of the harm the doe caused in denial of faith and i'm not saying we didn't say below that that the denial or the egregiousness was related something other than depriving this child of the free appropriate public education she was entitled to each day for three years okay so does that mean that you disagree with mr mechanic that when we talk about the equities it's not about generally the good or bad faith of the parties it's only about uh whether the party's frustrated constructive cooperation between um the parent in the school district yes your honor and if i could point do you agree with him or you disagree with him like you think that's what i agree i agree with the statement that the honor made i'm not sure well i was trying i was trying to say what he was his position was yeah your honor here again the judge on page 10 of the district court of the decision talked about the equities way against plaintiff because she did not act reasonably period she talks about unilateral enrollment without notice and then goes on to talk about plaintiff undermined judicial efficiency by failing to present the evidence allegedly possessed during the ihl hearing and then attempting to introduce the evidence here so i get it and actually mr mechanic even just said that's an error right but his position is that that's harmless because you still wouldn't be able to show that even if the equity is appropriately frustrated uh focused on you know the cooperative relationship between the school district and the parent there's no evidence that the school district did something to frustrate that interaction i'm asking what your reaction is the school district doesn't have to do something to frustrate the interaction the recommendation itself the class size being a 12 to 1 to 4 versus 6 to 1 to 1 is inappropriate so that the parent can unilaterally move the student but what what i wanted to say your honor is not just that that the judge talks about it but a she doesn't provide any authority the district court has no authority for for the for the proposition that litigation uh behavior can reduce uh is an equitable factor that can get it it seems like we have agreement between the parties here that that's correct that there is no such authority and that it's an error to the extent is the the district court says that the plaintiff did not act reasonably when she failed to produce a 10-day notice and then in the district court case she finds attempting to introduce the evidence before the sro after the record was fully developed is also unreasonable so first it's unreasonable we didn't produce notice then it's unreasonable that we tried to produce it to the sro where under new york state law the sro has the authority and a discretion to accept new evidence i guess it sounds like your ultimately your ultimate position is tell me tell me if this is right is that it does seem like what was really driving the prom free equity now balancing of the equities for the district court was the plaintiff's litigation conduct and everybody seems to agree that that's an error and we can't be confident that it's harmless because that was really the main reason given by the district court and so in the absence of the primary reason we don't really know what the district court would do exactly is that your position yes right just to clarify that but what would you offer if we if we take the litigation conduct out what is your argument for the idea that this was an improper what are the equities that you see present here that were not weighed that could make a difference i'm sorry if you were making an argument as to the balancing of the equities yes what i've heard you say as well that the you know that there wasn't a fate that there has to be well what what is your argument for the the weighing of the equities what's what uh is out there that should have made that the court grant so so we we talk about the the plaintiff has the burden of showing that the that you know the equities favor the plaintiff but but that's done in the context when a plaintiff prevails on prong one and then prong two the the plaintiff is entitled to the relief there's no presumption that you you're going to automatically get reimbursement it's not if you show one two bam three satisfied you get it i mean well what i what i wanted to say that's not the standard correct it not not precisely but if i make a variation and we said i mean maybe i think it's in the summary order but but based on how the court has talked about it we said if you meet prong one and two there's a presumption you're going to get reimbursement well and then what prong three is about is whether you overcome that presumption but there's going to be a reduction or a denial correct judge and that's why there are some cases that talk about the burlington carter test being a two prong test if the pack prevails on prong one and prong two they're entitled to the relief they seek in the subject to a reduction or denial presumptively they're entitled to it but i would really like to hear your answer to judge lee's question forget for a moment what you think the law requires you to produce or not can you answer her question as to what you would have produced that would have weighed the equities in your client's favor that's what i understood her question to be i don't want to speak for judge lee but i'm also interested in the answer to that but what i would say your honor is it's not producing something else so that the equities weighed in their favor is that if you balance these equities if you look at are the equities it's a simple question what are the equities i understand your argument about what should be weighed or shouldn't be weighed leave that aside for a moment what are the equities you know the only equitable conduct here or conduct looked at to reduce the equities was the parent filed a late 10-day notice now i would submit that okay maybe we're halfway there but without some evidence that prevented the doe from doing what the 10-day notice exists for in other words the 10-day notice is served to give them an to change something in the ip before the student is fully committed to to the new school so you don't have any i'm sorry please so okay i get that so what you're saying is okay there was evidence about a late notice but there's no evidence that the school district would have done anything different if they got an earlier notice correct how do we know that though i mean how do we know because like intuitively it seems like it could be possible that if they got an earlier notice they might have done something to fix the approved placement so i'll be confident that it wouldn't have made a difference if there's a notice i'm sorry your honor they should have been at the hearing to make that argument we don't know what they would have said but just like when a parent commits a procedural error maybe all relief is denied the doe doesn't show up i don't know if that's a procedural error or not but they're not there what you're saying is the evidence that goes to the equities is on the one hand you provided a late written notice on the other hand the school district had a track record of egregiously denying fate for a long period of time the reasonable inference is they wouldn't have done anything different if they had a written notice as opposed to the other notice that they already had well there's no evidence for the notice didn't make a difference is that not just hypothetically but there is no evidence in this record that the was harmed by the late notice would have done something differently because of the late notice so i mean at that point i'm not sure what the what the parent could have produced all the parent could say is yes we didn't provide notice but the deal we should be here to say how not providing that notice affected him otherwise we have a bright line rule which can lead to an absolute all-out denial depending on who the judge is you can deny a little bit you can deny everything there are districts when there's a in virginia i've had cases where the 10-day notice is late and they just reduce the days that the notice is late from tuition so it's six days late six days of tuition that the plaintiff doesn't get but not a complete outright denial right okay all right thank you very much thank you thank you valentini the case is submitted